O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>ALEJANDRO MUNOZ HERNANDEZ,<br><br>Defendant/Petitioner. | Case No. EDCV 08-1044-VAP<br><br>**[Motion filed on August 4, 2008]**<br><br>**MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE OR SET ASIDE CONVICTION** |

**I.  SUMMARY OF PROCEEDINGS**

On August 4, 2008, pro se Petitioner Alejandro Munoz Hernandez filed a "Motion for Reduction of Sentence by an Inmate in Federal Custody" pursuant to 28 U.S.C. § 2255 ("Mot."). On September 19, 2008, Respondent United States of America filed a Motion to Dismiss Petitioner's § 2255 Motion. Petitioner has not filed Opposition.

## II.  BACKGROUND

On November 1, 2005, a federal grand jury returned a five-count indictment against Petitioner and two co-defendants.  The indictment charged Petitioner with, in Count One, violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute and to distribute methamphetamine, in Count Two, violation of 21 U.S.C. § 841(a)(1), distribution of methamphetamine, in Counts Three and Four, violation of 21 U.S.C. § 841(a)(1), possession of methamphetamine with the intent to distribute, and in Count Five, violation of 21 U.S.C. § 841(a)(1), possession of marijuana with the intent to distribute.

On March 20, 2006, Petitioner pled guilty to Count One of the indictment.  On June 12, 2006, the Court sentenced Petitioner to 78 months of imprisonment.  Petitioner did not appeal from his conviction or his sentence.

## III.  MOVANT'S CONTENTIONS

Giving the § 2255 Motion a liberal construction, it appears that Petitioner asserts that his status as an alien resulted in the denial of (1) eligibility for a sentence reduction after completion of a drug program and (2) eligibility for confinement in a halfway house.  He claims that this violates "Equal rights protection"

1  afforded by the Fourteenth Amendment to the United States
2  Constitution and the Due Process Clause of the Fifth
3  Amendment."  (Mot. at 1-2.)

### IV. DISCUSSION

As Respondent argues, the Motion is untimely brought under Section 2255, and subject to denial solely on that basis.

Section 2255 requires that any motion for relief under that section must be filed within one year "from the date on which the conviction becomes final."  28 U.S.C. § 2255(1).  Petitioner's conviction became final on July 6, 2006; thus, in order to be timely, any Section 2255 Motion had to be filed no later than July 6, 2007. Petitioner did not file this Motion until August 4, 2008, approximately thirteen months beyond the statutory deadline.  Moreover, to the extent Petitioner would be entitled to the benefit of the "mailbox rule,"[1] the Court notes that the Motion is dated by Petitioner on July 30, 2008, and thus would be untimely even upon application of that rule.  The Motion is denied as untimely.

---

[1] The "prison mailbox rule" established by the U.S. Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), permits a prisoner's federal habeas petition or civil rights complaint to be deemed filed when he hands it over to prison authorities for mailing to the district court.

1  Furthermore, as the Respondent correctly points out, Petitioner did not raise any of his claims regarding the supposed defects in his sentence on direct appeal. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998).  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is actually innocent." *Id.* at 622 (internal citations omitted).  See also *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994) (sentencing errors not raised on direct appeal are waived and may not be reviewed by section 2255 motion). Furthermore, as Respondent argues, Petitioner waived, pursuant to the terms of his plea agreement with Respondent, the right to bring a collateral attack on his sentence.

For these reasons, Petitioner's Motion is DENIED.

Dated:  November 24, 2008            _____
                                          VIRGINIA A. PHILLIPS
                                       United States District Judge